STATE OF VERMONT
SUPERIOR COURT — ENVIRONMENTAL DIVISION

| | | |
|---|---|---|
| **In re North East Materials Group** | } | Docket No. 35-3-13 Vtec |
| **LLC, Amended Permit** | } | |
| | } | |

### Decision on Motion to Dismiss Parties

This matter relates to the appeal of a decision by the Act 250 District 5 Environmental Commission (the District Commission) issuing a permit to North East Materials Group, LLC (Applicant) for a hot mix asphalt plant within the Rock of Ages Quarry (the Quarry) in Barre Town, Vermont (the Town). The individuals that filed a notice of appeal in Docket No. 35-3-13 Vtec are Pamela Austin, Russell Austin, Julie Barre, Suzanne Bennett, Jane Berard, Lori Bernier, Marc Bernier, Charles Brown, Melyssa Danilowicz, Michael Danilowicz, Cathy DeGreenia, Forrest DeGreenia, Earl Everhart, Cynthia Fitzgerald, Kaley Grenier, Kirt Johnson, Victoria Johnson, Steve Martin, Frederick McGrath Jr., Gustave Osterberg, Rock Pariseau, Dana Robinson, Ricky Safford, Pàdriac Smith, Suzanne Smith, and Denise Viens-Kirkpatrik.[1] By its motion, Applicant seeks to dismiss Russell Austin and Pàdriac Smith as to their participation under Act 250 Criterion 1B and to dismiss "all of the Appellants"[2] as to their participation under Act 250 Criterion 10.

### Factual Background

In order to put the pending motion into context, the Court recites the following facts, which it understands to be undisputed unless otherwise noted:

1. The District Commission granted Appellants Austin and Smith preliminary and final party status under Criterion 1B in this matter.

2. Appellants Austin and Smith offered evidence at the hearing before the District Commission under Criterion 1B in this matter.

3. Mr. Austin's and Mr. Smith's properties lie approximately 1,760 feet and 3,233 feet, respectively, from the proposed asphalt plant. Both properties are downslope from the plant.

---

[1] Even though the 26 Appellants are members of a group called Neighbors for Healthy Communities, they appear not as a group, but as individuals.

[2] Whether and to what extent the various individuals may participate in this appeal to the Environmental Division is the subject of a separate appeal of the District Commission's denial of party status to certain individuals and those individuals' corresponding motion for party status before this Court.

4.     Applicant has obtained a Multi-Sector General Permit from the Vermont Agency of Natural Resources that covers stormwater issues.

5.     The District Commission granted final party status on Criterion 10 to some Appellants but denied final party status on Criterion 10 to others.

## Discussion

**I.     Appellants Austin and Smith's party status under Act 250 Criterion 1B.**

When this Court considers appeals from Act 250 district commission decisions, an aggrieved person who (1) was granted party status by the district commission pursuant to 10 V.S.A. § 6085(c)(1)(E); (2) participated in the proceedings before the district commission; and (3) retained party status at the end of the district commission proceedings "will be automatically accorded [party] status when the notice of appeal is filed unless the court otherwise determines on motion to dismiss a party." V.R.E.C.P. § 5(d)(2); see 10 V.S.A. §§ 8504(a) & (d)(1).[3]

Appellants Austin and Smith claim party status as aggrieved persons under 10 V.S.A. § 8504(a). Both were granted party status by the District Commission pursuant to 10 V.S.A. § 6085(c)(1)(E) under Criterion 1(B), participated in the District Commission's proceedings under Criterion 1(B), and retained final party status as to Criterion 1(B). Appellants Austin and Smith therefore have automatic party status under V.R.E.C.P. § 5(d)(2) under Criterion 1(B), unless we now determine otherwise in response to Applicant's instant motion.

Criterion 1(B) relates to the effects of stormwater discharge. Applicant contends that the Multi-Sector General Permit for stormwater that it obtained from the Agency of Natural Resources (ANR), "raises the bar" as to the showing of potential harm that Appellants must make to obtain party status. (Applicant's Reply to Appellants' Resp. to Applicant's Mot. to Dismiss Parties at 2, filed June 17, 2013.) Applicant argues that the existence of the permit would require Appellants to show that they will introduce "competent technical evidence or expert testimony" at trial to rebut that presumption. (Applicant's Reply to Appellants' Resp. to Applicant's Mot. to Dismiss Parties at 1, filed June 17, 2013.) Applicant cites no case law in support of this heightened showing requirement for party status, nor does this Court know of any. The existence of a valid permit and the presumptions it creates may pose a high evidentiary burden for Appellants when they argue the merits of the case at trial or on

---

[3] Additionally, an appellant's participation before the Environmental Division is limited to issues under those criteria for which the district commission granted the person party status. V.R.E.C.P. § 5(d)(2).

summary judgment, but these factors do not enter into our well-established party status analysis. Rather, an aggrieved person need only show a "reasonable possibility that a decision on the proposed project may affect a person's particularized interest," the standard articulated in In re Bennington Wal-Mart, Docket No. 158-10-11 Vtec, slip op. at 9–10 (Vt. Super. Ct. Envtl. Div. Apr. 24, 2012) (Walsh, J.).

Applicant further argues that Appellants Austin and Smith have raised only speculation of harm. Applicant contends that pollution is unlikely and that it will utilize spill control kits and containment measures. (Applicant's Mot. to Dismiss Parties at 6, filed May 14, 2013.) Applicant alleges that Appellant Austin and Smith's personal testimony would be incompetent, as they lack "demonstrated technical qualifications" on stormwater issues. (Applicant's Reply to Appellants' Resp. to Applicant's Mot. to Dismiss Parties at 5, filed June 17, 2013.) These issues go to the merits of the case; at this preliminary stage, we look only to whether Appellants have demonstrated a reasonable possibility of harm to a particularized interest. Appellants Austin and Smith have a particularized interest in stormwater issues as their properties are not far from the proposed plant and are downslope from it. They allege at least a reasonable possibility that pollutants could reach their properties, citing characteristics of their properties and pointing to specific aspects of Applicant's Stormwater Pollution Prevention Plan.

Applicant has not presented sufficient reasons for this Court to revoke the otherwise automatic party status that Appellants Austin and Smith enjoy as to Criterion 1(B) under V.R.E.C.P. 5(d)(2). Accordingly, we **DENY** Applicant's motion to dismiss Appellants Austin and Smith as to their participation under Criterion 1(B). Our ruling does not speak to Appellants' chances for success on the merits.

## II.     Appellants' party status under Act 250 Criterion 10.

The District Commission granted final party status under Criterion 10 to some of individuals of the group Neighbors for Healthy Communities, and it denied final party status on Criterion 10 to others. Neither Applicant nor Appellants distinguish between these distinct groups of individuals, despite the fact that whether a party obtained party status below is the starting point for an Act 250 party status analysis for appeals to the Environmental Division. In re Eastview at Middlebury, Inc., No. 256-11-06 Vtec, slip op. at 2 (Vt. Envtl. Ct. Feb. 15, 2008).

3

### A. Appellants Granted Party Status

As to those Appellants to whom the District Commission granted final party status, they "will be automatically accorded [party] status when the notice of appeal is filed unless the court otherwise determines on motion to dismiss a party." V.R.E.C.P. § 5(d)(2); see 10 V.S.A. §§ 8504(a) & (d)(1). With regard to those Appellants, we interpret Applicant's pleading as a motion to dismiss a party.

### B. Appellants Denied Party Status

Persons denied party status by a district commission may appeal that denial to this Court. 10 V.S.A. § 8504(d)(2)(B). Such persons also "must assert that claim by motion filed with the[ir] notice of appeal." V.R.E.C.P. 5(d)(2); 10 V.S.A. § 8504(d)(2). In this case, certain persons appealed the District Commission's denial of party status under particular criteria to this Court in a notice of appeal filed on March 27, 2013. They subsequently filed a motion for party status on April 16, 2013 claiming that they deserve party status under various criteria, including Criterion 10. Before this Court had time to rule on that motion, Applicant asked us in its instant filing to "dismiss all of the Appellants' party status with respect to Criterion 10." (Applicant's Mot. to Dismiss Parties at 1, filed May 14, 2013.) Those persons to whom the District Commission denied final party status have not yet acquired such status unless and until this Court rules in their favor on their motion for party status. Thus, to the extent that Applicant intends for its instant motion to apply to those persons to whom the District Commission denied party status under Criterion 10, we interpret Applicant's May 14, 2013 filing as a response in opposition to those individuals' April 16, 2013 motion for party status with respect to potential party status under Criterion 10.[4]

### C. Analysis

Criterion 10 requires that a development permitted under Act 250 be in conformance with "any duly adopted local or regional plan." 10 V.S.A. § 6086(a)(10). Applicant acknowledges that residents of a municipality have a particularized interest under Criterion 10 to ensure that a proposed project complies with the municipal plan. However, Applicant argues that Appellants fail to show a reasonable possibility of harm to their particularized interests insofar as the various town plan provisions that Appellants cite are—in Applicant's view—merely aspirational or informational in nature and therefore cannot constitute

---

[4] Our decision on the motion for party status is issued concurrently with this decision.

enforceable standards for the purpose of Act 250 review. Whether cited provisions are enforceable goes to the merits of the claim, however, not to the party status of the individual or entity citing them. In re Champlain Parkway Act 250 Permit, No. 68-5-12 Vtec, slip op. at 3–4 (Vt. Super. Ct. Envtl. Div. Nov. 14, 2012) (Walsh, J.) (responding to an applicant's argument that excerpts from a municipal plan cited by opponents were "too broad, generalized, or irrelevant" to enable opponents to enjoy party status under Criterion 10.) Although it is difficult to discern how the seemingly descriptive or ambiguous excerpts cited by Appellants could represent enforceable standards, we cannot adjudicate the merits of the case on a motion to dismiss for lack of party status.

For a different reason, however, we find that Appellants fail to show a reasonable possibility of harm to their particularized interests under Criterion 10: they fail to sufficiently allege a link between the asphalt plant that Applicant proposes to build and the potential violation of the town plan provisions they cite. For example, Appellants point to a statement within the Barre Town Plan that "the quarrying of granite has always been important to the vitality of the Town of Barre." (Appellants' Mot. for Party Status at 6, filed Apr. 16, 2013.) Whether or not this cited sentence constitutes enforceable language, Appellants fail to allege how the proposed asphalt plant would lead to nonconformity with the provision. In other words, it is not enough to merely quote from a municipal plan; to have standing, a litigant must articulate a causal link between a decision on a proposed project and reasonable possibility of harm to the litigant's particularized interests. See In re Granville Mfg. Co., No. 2-1-11 Vtec, slip op. at 6 (Vt. Super. Ct. Envtl. Div. July 1, 2011) (Durkin, J.). Accordingly, we **GRANT** Applicant's motion with respect to all Appellants' participation under Criterion 10.

Thus, for the reasons articulated above we **DENY** Applicant's motion to dismiss Appellants Austin and Smith as to their participation under Criterion 1(B). We also **GRANT** Applicant's motion with respect to all Appellants' participation under Criterion 10, and thereby **DISMISS** all Appellants from this case with respect to their appeal under Criterion 10.

Done at Burlington, Vermont this 21st day of August, 2013.

_____
Thomas G. Walsh, Environmental Judge

5